UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62352-CIV-COHN/SELTZER

HOWARD COHAN,

    Plaintiff,

vs.

SHRI RAJ, INC., d/b/a CASCADES MOTEL,

    Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Compel and/or Contempt of Court for Failure to Appear at Deposition, and Motion for Sanctions (DE 16) and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

Plaintiff Howard Cohan brought this action against Defendant Shri Raj, Inc., d/b/a Cascades Motel, alleging violations of Title III of the Americans with Disabilities Act "(ADA). After Defendant failed to answer or otherwise respond to the Complaint, the Clerk entered a default against the corporate defendant (DE 8).  Upon Plaintiff's motion (DE 9), on February 18, 2015, the District Court entered a Final Default Judgment against Defendant, affording injunctive relief.  Thereafter, Plaintiff moved for an award of attorneys's fees (DE 11).  And on March 31, 2015, the District Court entered a Final Judgment Taxing Fees and Costs (DE 12), ordering that Plaintiff recover from Defendant attorney's fees and costs in

the amount of $5,620 (plus interest).[1]

On May 14, 2015, Plaintiff filed in the record a "Notice of Filing Plaintiff's Notice of Taking Deposition Duces Tecum in Aid of Execution" (DE 15), attaching a notice setting the deposition of Defendant's "[R]epresentative with the most knowledge as it relates to the above styled matter" for June 18, 2015.  According to Plaintiff, no one on behalf of Defendant appeared for deposition on the scheduled date.

Plaintiff now moves the Court to compel Defendant to appear for a deposition duces tecum in aid of execution at a time and date certain.  Additionally, Plaintiff requests that the Court hold Defendant in contempt, pursuant to the Court's inherent powers, and to award Plaintiff $5,440 in attorney's fees incurred in "preparing, scheduling, and holding a Deposition Duces Tecum in Aid of Execution, and preparing and filing the instant Motion," pursuant Federal Rule of Civil Procedure 37(d)(3).  Motion ¶¶ 17, 18 (DE 16).[2]

Clearly, Plaintiff (as a judgment creditor) is entitled to obtain discovery (including the taking of a deposition) from Defendant (the judgment debtor) in aid of execution of the Judgment  See Federal Rule 69(a)(2).  And the Court may hold a party in contempt for litigation misconduct (such as failing to attend a duly noticed deposition) upon a finding of bad faith under its inherent power.  See Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).  Moreover,

---

[1] Subsequently, a Motion to Contest Final Judgment (DE 13) was filed by Richard Charles on behalf of Defendant Shri Raj, Inc. Because a corporation must be represented by an attorney in federal court and because it did not appear that Richard Charles is an attorney, the District Court struck this Motion from the record (DE 14).

[2] Defendant has not responded to the instant Motion, and its time for doing so has passed.

Rule 37(d) authorizes the Court to impose sanctions, including attorney's fees, upon a party or a party's officer, director, managing agent, or Rule 30(b)(6) designated corporate representative for failing to appear at a deposition "after being served with proper notice." Fed. R. Civ. P. 37(d)(1).

Here, however, the Court cannot determine whether Defendant ever received notice of the scheduled June 18, 2015 deposition. Plaintiff's motion merely states that he served Defendant with the Notice of Taking Deposition Duces Tecum in Aid of Execution filed as Docket Entry 15; it fails to indicate when the Notice was served or upon whom it was served on behalf of the corporate defendant. That Notice (15-1) is directed to Soonardaye Rambhajan and to Richard Charles, without any indication of their relationship to the corporate defendant. More significantly, the Notice reflects that it was served on these individuals "via electronic mail," without any further explanation. If "via electronic mail" means through the CM/ECF system, Defendant would not have received notification of the deposition because it never entered an appearance herein and its address does not appear anywhere on the docket. Because the Court has serious concerns whether the Defendant (or a proper corporate representative) was aware of the scheduled deposition, the Court must DENY the instant Motion.

**Defendant, however, is advised that should it fail to have a corporate representative testify at a duly noticed deposition in the future, the Court will not hesitate to recommend that the District Judge impose sanctions against Defendant, up to and including a finding of contempt and an award of attorney's fees.**

Plaintiff's counsel shall serve a copy of this Order on an officer, director, a managing

agent of Defendant, or any other agent authorized to receive process on behalf of Defendant.

DONE AND ORDERED in Fort Lauderdale, Florida, this 23rd day of July 2015.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record