UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62352-CV-COHN/SELTZER

HOWARD COHAN,

    Plaintiff,

vs.

SHRI RAJ, INC.,
d/b/a CASCADES MOTEL,

    Defendant.
_____/

**PLAITIFF'S SECOND MOTION TO COMPEL AND/OR CONTEMPT OF COURT FOR FAILURE TO APPEAR AT DEPOSITION, AND MOTION FOR SANCTIONS**

Plaintiff, HOWARD COHAN, by and through the undersigned counsel and pursuant to Fed.R.Civ.P. 37, hereby filed his Motion to Compel and/or for Contempt for Court for Failure to Appear at Deposition and Motion for Sanctions (hereinafter referred to as "Motion"), and as grounds states as follows:

1. The Plaintiff initiated the instant action alleging that Defendant violated Title III of the Americans with Disabilities Act (ADA) on October 15, 2014 [D.E.1].

2. On February 18, 2015, this Court entered a Final Default Judgment in favor of the Plaintiff [D.E.10].

3. The Final Default Judgment granted the injunctive relief requested in Plaintiff's Complaint, entered a default judgment against Defendant, and retained jurisdiction to allow Plaintiff to seek attorney's fees and costs.

4. On March 31, 2015, this Court entered Final Judgment Taxing Fees and Costs allowing Plaintiff to recover from Defendant Five Thousand Six Hundred Twenty ($5,620.00) in

fees and costs plus interest thereon at the rate of 0.24% per annum from February 18, 2015, for which let execution issue [D.E. 12].

5. On April 27, 2015, the Defendant filed a Motion to Contest Final Judgment [D.E.13].

6. On April 28, 2015, this Court issued an Order Striking Filing stating that the Motion was filed on behalf of the Defendant by Richard Charles who appears to be a principal of the company but not a licensed attorney [D.E. 14].

7. Since then, the Plaintiff has attempted several times to contact Defendant to recover the judgment amount granted by this Court, but to no avail.

8. In furtherance of this attempt to collect the judgment amount, the Plaintiff served the Defendant with a Notice of Taking Deposition Duces Tecum in Aid of Execution which was filed on May 14, 2015 [D.E. 15].

9. On the day of the scheduled deposition, June 18, 2015, the Defendant did not appear.

10. Defendant failed to contact the undersigned to advise as to whether or not he would be attending the deposition and has also failed to contact the undersigned to provide any explanation as to why he did not appear.

11. Undersigned counsel sent an additional letter requesting Defendant's representative, Richard Charles, principal to contact our office to discuss resolving this matter without further need for litigation. Defendant failed to respond to the letter.

12. Plaintiff filed a Motion to Compel and for Attorney Fees regarding the Defendant's failure to appear at the deposition. The Court denied the motion due to the unclear language Plaintiff included in the Certificate of service regarding method of service. Although staff of undersigned counsel verified to undersigned the Notice was properly mailed, and that the unclear language was used due to a clerical error when staff

habitually drafts certificates of service based on eservice to attorneys. In an abundance of caution, undersigned chose to reset the deposition to ensure the service was mailed properly.

13. As such, the Plaintiff served the Defendant with a second Notice of Taking Deposition Duces Tecum in Aid of Execution. See Notice of Deposition attached hereto as Exhibit "A".

14. On the day of this scheduled deposition, August 21, 2015, the Defendant did not appear, for which Plaintiff obtained a Certificate of Non-Attendance. *See* Certificate of Non-Attendance attached hereto as Exhibit "B".

15. Since the Defendant failed to appear in this immediate matter several times, the Plaintiff moves this Court to compel the Defendant to appear for a Deposition Duces Tecum in Aid of Execution of said judgment at a time and date certain.

16. A court may impose sanctions for litigation misconduct under its inherent power under a finding of bad faith Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F3d. 1298, 1306 (11th Cir. 2009). ("The key to unlocking a court's inherent power is finding of bad faith."). A court may exercise its "inherent powers" even if procedural rules exist which sanction the same conduct." In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995).

17. In this instant action, it is clear that the Defendant is acting in bad faith.

18. Defendant has not made any effort whatsoever to comply with any of the prior Court Orders.

19. As such, Plaintiff requests that this Court enter an Order holding Defendant in contempt of court for failure to comply with Court Order.

20. Pursuant to Federal Rules of Civil Procedure Rule 37(d)(3), the Plaintiff requests this Honorable Court award his expenses, including attorney's fees, incurred in preparing for and filing this Motion and for fees associated with Defendant's failure to appear at his deposition.

21. The undersigned states that the following fees have been incurred in preparing, scheduling, and appearing at the Deposition(s) Duces Tecum in Aid of Execution, and preparing and filing the instant Motion:

    a. $2,000.00 in attorney's fees (5.0 hours at $400.00 per hour). *See* Attorney's Fees Invoice attached hereto as Exhibit "C".

22. The undersigned hereby certifies that he has attempted to confer with Defendant on many occasions in a good faith effort to resolve the issues that were raised in the foregoing Motion, but has been unsuccessful in doing so. S.D.Fla.L.R. 7.1 (A)(3).

WHEREFORE, Plaintiff, HOWARD COHAN, respectfully requests this Honorable Court enter an Order compelling Defendant to appear for a Deposition Duces Tecum in Aid of Execution and/or enter an Order holding Defendant in contempt of court, and for costs and attorney's fees associated with this Motion and for Defendant's failure to appear at his deposition.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via U.S. Mail to Defendant: SHRI RAJ INC., d/b/a CASCADES MOTEL,

c/o Soonardaye Rambhajan at 4117 N. Ocean Blvd., Fort Lauderdale, FL 33308 and Richard Charles at 5602 NW 49th Terrace, Tamarac, FL 33319.

        Respectfully submitted,

        **MARK D. COHEN, P.A.**
        *Counsel for Plaintiff*
        Presidential Circle
        4000 Hollywood Blvd., Ste. 435 So.
        Hollywood, FL 33021
        Telephone: (954) 962-1166
        Facsimile: (954) 962-1779
        E-Mail: mdcohenpa@yahoo.com

        */s/ Mark D. Cohen*
        Mark D. Cohen, Esquire
        Florida Bar No. 347345